UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERRON PARKS, <br><br> Plaintiff, <br><br> v. <br><br> HARPETH FINANCIAL SERVICES, LLC d/b/a ADVANCE FINANCIAL, <br><br> Defendant. | Case No. 1:21-cv-01395 |

## COMPLAINT

**NOW COMES** GERRON PARKS, by and through his undersigned counsel, complaining of Defendant HARPETH FINANCIAL SERVICES, LLC d/b/a ADVANCE FINANCIAL as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) citing Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. GERRON PARKS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9. HARPETH FINANCIAL SERVICES, LLC d/b/a ADVANCE FINANCIAL ("Defendant") maintains its principal place of business in Nashville, Tennessee.

10. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2906.

12. At all times relevant, Plaintiff's number ending in 2906 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

14. On or about the summer of 2019, Plaintiff took out an online loan from Defendant (the alleged "subject debt").

15. Plaintiff was under the impression that all required payments regarding the subject debt were paid.

16. Plaintiff starting receiving phone calls from Defendant attempting to collect on the subject debt towards the beginning of spring of 2020.

17. During one of the first phone calls, Plaintiff stated that he believed he had paid off the loan.

18. Unfortunately, Defendant continued to call Plaintiff.

19. In June 2020, Plaintiff advised Defendant that he would be filing for bankruptcy and requested that the calls cease.

20. On multiple occasions, Plaintiff answered and was met by a conspicuous lengthy pause and was required to say "hello" numerous times prior to being connected to a representative.

21. Plaintiff's request that that the collection efforts cease fell on deaf ears and Defendant continued placing collection calls to Plaintiff.

22. Despite Plaintiff's request that the collection call cease, Defendant continued to place harassing collection calls to Plaintiff, some days as many as six times in one day.

23. In total, Defendant has placed no less than 200 collection calls to Plaintiff after Plaintiff initially requested that the calls cease.

24. In addition, Defendant continues to place daily collection calls to Plaintiff, with as many as 6 calls per day still occurring as discussed above.

25. Defendant's phone calls are placed from various numbers including but not limited to (715) 257-0784.

26. Plaintiff attempted to enforce his rights by imitating an arbitration against Defendant.

27. However, Defendant failed to participate in Arbitration.

28. Defendant, however, did continue to place unwanted and unconsented to calls to Plaintiff.

29. Plaintiff has continued to suffer and be a victim of Defendant's call campaign, even after attempting to imitate arbitration.

## DAMAGES

30. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

31. Defendant's phone calls have caused Plaintiff actual harm, including but not limited to: aggravation that accompanies persistent and unwanted phone calls; anxiety; emotional distress; increased risk of personal injury resulting from the distraction caused by the phone calls; wear and tear to Plaintiff's cellular phone; intrusion upon and occupation of Plaintiff's cellular telephone; temporary loss of use of Plaintiff's cellular phone; invasion of privacy; loss of battery charge; loss of concentration; mental anguish; nuisance; the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services; and wasting Plaintiff's time.

32. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

33. Plaintiff was forced to initiate the instant litigation to compel Defendant to cease its unlawful conduct.

## CLAIMS FOR RELIEF
### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Defendant placed or caused to be at least 200 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an automatic telephone dialing system ("ATDS"), without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

36. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

37. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

38. Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus the lengthy pause after the called party speaks into the phone.

39. As pled above, Plaintiff revoked consent to be called on his cellular phone.

40. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to his cellular phone.

41. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

42. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

43. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

44. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

45. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II:
### Illinois Consumer Fraud and Deceptive Business Practices Act

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

48. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

49. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

50. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f).

**a. Unfairness and Deception**

51. It was unfair for Defendant to attempt to collect a debt by placing at least 200 calls to Plaintiff's cellular phone number after he requested that the phone calls cease.

52. It was unfair for Defendant to attempt to collect a debt by placing at least 200 calls to Plaintiff's cellular phone number after he initiated arbitration; which Defendant failed to participate in; and then continued to place collection calls to Plaintiff.

53. Plaintiff had no choice but to submit to Defendant's phone calls. Specifically, the only option available to Plaintiff to escape Defendant's phone calls was to turn off his cellular phone. However, given the imperative function that cellular phone numbers play in today's society, Plaintiff had no reasonable alternative other than to submit to Defendant's phone calls.

54. The phone harassment campaign that Defendant unleashed on Plaintiff was against public policy, unethical, and oppressive.

55. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

56. Upon information and belief, Defendant systematically places harassing phone calls to consumers in Illinois in order to aggressively collect debts.

57. Upon information and belief, placing unsolicited and harassing cellular phone calls to consumers is an unfair business practice willfully employed by Defendant and is conducted on a wide scale.

58. An award of punitive damages is appropriate because Defendant's conduct as described above was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff and consumers in general.

**WHEREFORE,** Plaintiff requests the following relief:

A.     a finding that Defendant violated the ICFA;

B.     an order enjoining Defendant from placing further violating calls to Plaintiff;

C.     an award of actual damages in an amount to be determined at trial;

D.     an award of punitive damages in an amount to be determined at trial;

E.     an award of reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

F.     an award of any further relief that is equitable and just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 12, 2021                                Respectfully submitted,

**GERRON PARKS**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com